# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zhang Ming Yao, | No. CV-26-01652-PHX-RM (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

Self-represented Petitioner Zhang Ming Yao, who is detained in the San Luis Regional Detention Center, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1.) Petitioner avers in the Petition that he is a native and citizen of China who has been detained in the custody of the Department of Homeland Security ("DHS") since he entered the United States on May 15, 2025, with ongoing removal proceedings and pending applications for asylum, withholding of removal, and protections under the Convention Against Torture. (*Id.*) Petitioner argues that his prolonged detention violates due process. (*Id.*) On May 11, 2026, Petitioner filed a status update averring that an Immigration Judge granted him asylum, but DHS filed an appeal, and the timeline for further proceedings is uncertain and may result in continued detention for an indeterminate period. (Doc. 17.)

The Court ordered Respondents to answer the Petition. (Doc. 3.) Respondents filed a Response stating that they are "unable to ascertain sufficient facts at this time to oppose Petitioner's requested relief of a bond hearing." (Doc. 10.) The Court interprets this

Response as non-opposition to Petitioner's request for a bond hearing.

Respondents argue in their Response that an alien detained under 8 U.S.C. § 1226 bears the burden of proof with respect to demonstrating that he merits release on bond in custody redetermination proceedings. (Doc. 10.) However, based on the information in the Petition, Petitioner is being detained under 8 U.S.C. § 1225. (Doc. 1.) Petitioner argues that his detention has become prolonged and he is entitled to a bond hearing as a matter of due process. (*Id.*) Respondents' argument concerning the appropriate burden of proof at bond redetermination hearings for aliens detained under 8 U.S.C. § 1226 is inapposite.

Respondents do not dispute that Petitioner's detention has become prolonged in violation of due process, and the Court finds they have waived any objection to that issue. *See United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned."). Under these circumstances, because Petitioner's entitlement to a bond hearing arises as a matter of constitutional due process, the Government bears the burden of proving by clear and convincing evidence that Petitioner is a danger or flight risk. *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011), *abrogated in part as recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022); *Aleman Gonzalez v. Barr*, 955 F.3d 762, 781 (9th Cir. 2020), *rev'd and remanded on other grounds,* 596 U.S. 543 (2022).

Accordingly,

**IT IS ORDERED**:

1. The reference to Magistrate Judge James F. Metcalf is **withdrawn**.

2. The Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1) is **granted** with respect to Petitioner's request for a bond hearing.

3. Respondents must provide Petitioner a bond hearing within **seven (7) days** of the date this Order is filed. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). There must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner

is a flight risk or danger to the community. In the alternative, the Government shall immediately release Petitioner under appropriate conditions of release.

4. Respondents must provide a notice of compliance within **two (2) days** of Petitioner's bond hearing or release.

5. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

Dated this 13th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge